UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR VALLEJO,<br><br>　　　　Petitioner<br><br>　　v.<br><br>HEIDI M. LACKNER,<br><br>　　　　Respondent. | Case No. CV 14-7508-DOC (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all pleadings, and other documents filed and lodged in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Plaintiff's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

As Petitioner notes (Objections at 2), his two habeas claims stem from the enhancement of the sentence he received for one of his convictions – the crime of willful or malicious shooting of a firearm from a motor vehicle under California Penal Code § 12034 (now California Penal Code § 26100) – pursuant to California Penal Code § 12022.53(d). He contends that the state courts violated his federal rights under the Cruel and Unusual Punishment, Due Process, and Equal Protection

Clauses by applying the Section 12022.53(d) sentence enhancement statute to him. The premise underlying Petitioner's claims, as well as his Objections, is his contention that the particular facts of his case did not warrant application of this sentence enhancement provision.

Petitioner's Objections to the Report fail, because two fundamental errors run throughout his various objections. First, Petitioner's arguments ignore the fact that the Section 12022.53(d) enhancement was based on, and applied only to, his Section 12034 conviction for the willful and malicious shooting of a firearm from a motor vehicle (Count 3), *not* his attempted voluntary manslaughter conviction (Count 1). (*See* 2 Clerk's Transcript 475, 478-49; 5 Reporter's Transcript 1308-09.) Petitioner's reliance on his assertion at trial of imperfect self-defense in response to the original Count 1 charge of attempted murder, and the jury's finding that he was guilty of attempted voluntary manslaughter in connection with Count 1 rather than attempted murder, is simply of no moment given that the Section 12033.53(d) enhancement was not imposed based on the Count 1 conviction.

Second, and more critically, Petitioner's arguments ignore the fact that this case is governed by 28 U.S.C. § 2254(d). There is no question that Petitioner believes it improper, under California law, for California to apply Section 12033.53(d) to the particular circumstances of his case. He argues here that, even though the sentence enhancement, on its face, applied to him and the trial court lacked any discretion not to apply it, this Court should find this application of state sentencing law by a state court to be constitutionally violative, because enhancing his sentence punishes him too harshly for the underlying crime (willful and malicious shooting of a firearm from a motor vehicle) and more seriously than persons who are convicted of attempted voluntary manslaughter committed outside a vehicle and, further, is not consistent with the enhancement statute's purpose. This Court's review is not de novo and is constrained by Section 2254(d). The state court articulated specific reasons for rejecting Petitioner's cruel and unusual punishment, due process, and

equal protection arguments that were not an objectively unreasonable application of Supreme Court precedent, nor did they rest on an unreasonable determination of the facts. Nothing in the Objections shows that the state decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). As a result, Section 2254(d) forecloses federal habeas relief.

Having completed its de novo review, the Court concludes that nothing in the Objection affects or alters the analysis and conclusions set forth in the Report. The Court, therefore, accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: July 15, 2016

*David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE